IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

DAVID H. BARRERA          §
    #1555640          §
v.                        §          C.A. NO. V-13-023
                          §
RICK THALER               §

## OPINION REGARDING THE FILING FEE

This is a petition for a writ of habeas corpus filed by a state prisoner incarcerated at the Darrington Unit in Rosharon, Texas challenging his conviction and a parole revocation hearing pursuant to 28 U.S.C. § 2254.  (D.E. 1).  On April 5, 2013, a notice of deficient pleading was sent to petitioner indicating that he had failed to pay the filing fee or file a motion to proceed *in forma pauperis*.  (D.E. 6).

Petitioner has neither paid the $5 filing fee, nor submitted a motion to proceed *in forma pauperis* with a copy of his inmate trust fund account statement.  Instead, he has sent in five United States postage stamps each in the amount of one dollar.  Such an attempt to pay the filing fee is an interesting one in light of the availability of stamps to inmates in prison.  In other words, unlike the bar against possessing currency, inmates are permitted to obtain and have within their personal effects postage stamps.

Nonetheless, this creative attempt to pay the filing fee cannot suffice.  McClain v. Davis, 494 F. App'x 874, 875 n.1 (10th Cir. 2012) (per curiam) (unpublished) ("McClain could not satisfy his fee obligation with postage stamps"); see also Cohen v. Holder, No. 11-cv-359, 2011 WL 1740083, at *2 (D. Colo. May 5, 2011) (unpublished) ("the Court cannot accept postage stamps as payment of the filing fee"); Mahler v. Frank, No. C-04-C-41-C, 2004 WL 231216, at

*1 (W.D. Wis. Feb. 2, 2004) (unpublished) (denying an inmate's request to use postage stamps to satisfy the initial partial payment of the filing fee).  In a case similar to this one, a state habeas petitioner attempted to pay the $5.00 habeas filing fee with twelve 42 cents stamps.  Dominguez v. Cate, No. C 11-6309, 2012 WL 4865647, at *1 (N.D. Cal. Oct. 12, 2012) (unpublished).  These stamps were returned to that petitioner with an explanation "that the court could not accept postage stamps in place of United States currency.  Postage stamps are not the equivalent of a money order."  Id.  Because the Clerk of the Court cannot accept these stamps as payment of the filing fee, petitioner must still address the notice of deficient pleading that was previously issued.

An action may be dismissed if the plaintiff fails to prosecute it, or to comply with any court order.  Fed. R. Civ. P. 41(b); see also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to sua sponte dismiss a cause of action for failure to prosecute).  "'The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts.'"  Martinez, 104 F.3d at 772 (quoting Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988)).

Accordingly, it is ORDERED that petitioner shall, within **fifteen (15) days** of the entry of this Order, correct the deficient pleading by paying the filing fee in United States currency or filing a motion to proceed *in forma pauperis* with an inmate trust fund statement attached.  Petitioner is advised that failure to respond timely to this Order may result in dismissal of his lawsuit for failure to prosecute.  Finally, the Clerk of the Court is instructed to the extent feasible

to return the postage stamps to petitioner.

ORDERED this 22nd day of April 2013.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE