IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

VICTORIA DIVISION

| | | |
|---|---|---|
| DAVID H. BARRERA, # 1555640 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. V-13-023 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Department of Criminal | § | |
| Justice, Correctional Institutions Division | § | |

## REPORT AND RECOMMENDATION

Before the Court by referral from the Honorable Gregg Costa, United States District Judge, is the Motion for Summary Judgment of Respondent, William Stephens, the Director of the Texas Department of Criminal Justice, Correctional Institutions Division; the Motion seeks the dismissal of the Petition for Writ of Habeas Corpus of Petitioner, David H. Barrera, an inmate in the Texas prison system serving a 20 year sentence for aggravated assault against a public servant, a first degree felony under Texas law.  Texas Penal Code § 22.02(b)(2)(B)   The Motion has been briefed and is ripe for determination.  Accordingly, the Court now submits this Report and Recommendation to Judge Costa.

Barrera alleges that he received ineffective representation during the plea bargaining preceding his guilty plea when "Counsel failed to request a misdemeanor deadly conduct as a lesser included offense of aggravated assault by use of deadly weapon as charged in petitioner's indictment" and misinformed him of the punishment range.[1]  Stephens argues that Barrera's petition is time-barred and this Court agrees.  Barrera was placed on deferred adjudication

---

[1]    According to Barrera, his attorney told him that only the second degree felony range applied to his plea.

community supervision at the time of his guilty plea on November 30, 2007.[2]  Oddly, in the Fifth

Circuit, an order of deferred adjudication is, and was at the time of Barrera's plea, a "final"

judgment for purposes of 28 U.S.C. §2244.  Caldwell v. Dretke, 429 F.3d 521, 528-29 (5th Cir.

2005) (While on shock probation, a defendant is entitled to collaterally challenge any unlawful

restraint by a habeas petition in the trial court.), see also, Manuel v. State, 994 S.W. 2d 658,

661-62 (Tex. Crim. App. 1996) ("a defendant placed on deferred adjudication supervision may

raise issues relating to the original plea . . . only in appeals taken when deferred adjudication

community supervision is first imposed.")    Consequently, the one-year limitations period under

AEDPA began to run on December 30, 2007, when Barrera's time to seek "review" of the

deferred adjudication order expired.  Id. at 530.    Barrera filed his first habeas petition on

October 28, 2010, almost three years too late.  The instant federal petition, therefore, appears

to be time-barred.

        Barrera argues that the "new rule" of criminal procedure announced in Lafler v. Cooper,

566 U.S. ___, 182 L.Ed. 2d 398 (2012), on March 21, 2012, resurrected his right to seek federal

habeas relief.  Unfortunately, for Barrera, Lafler affords him no relief.  Even assuming, as

dissenting Justice Scalia believes, "the constitutional right to effective plea-bargainers," found

to exist by the 5-4 majority, is "a new rule of law," it would only be available in cases then

pending on direct review.  Teague v. Lane, 489 U.S. 288, 310 (1989)    Barrera also seems to

suggest that he is actually innocent and can, therefore, seek collateral relief under Lafler as an

exception to the "Teague Rule"; however, the "new" evidence he offers to support his belief that

---

[2]    Barrera's deferred adjudication was revoked on February 19, 2009, and he was
assessed punishment of 20 years imprisonment.

"it is more likely than not that no reasonable juror would have convicted him in light of the new evidence," Wilkerson v. Cain, 233 F.3d 886, 889 (5th Cir. 2000) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)), is not "new."  "New" evidence must be evidence not "previously available."  Id. Barrera, in a nutshell, argues that while he may have objectively appeared guilty, in truth, he lacked the *mens rea* to commit aggravated assault.  That is, he never intended to commit any crime at all.  That evidence, even if it were true, was obviously known to Barrera at the time of his arrest and plea.  There is simply no basis for not applying the one-year limitations bar to Barrera's federal petition.

As to Barrera's claim that his counsel misinformed him as to the punishment range, while it is not necessary to address it, there is nothing in the record, except for Barrera's self-serving allegations, to evidence counsel's alleged advise.  During the plea colloquy the trial judge made it clear that Barrera was pleading to a first degree felony and properly admonished Barrera of the correct punishment range; Barrera continuously told the Judge he fully understood the proceedings.  Moreover, all of the relevant court documents, with the lone exception of an exhibit attached to the admonishment form, indicate Barrera's conviction was for a first degree felony.  The record, therefore, is manifest:  Barrera knew he was charged with, and  voluntary pleaded guilty to, a first degree felony.  Cf. Hobbs v. Blackburn, 752 F.2d 1079, 1081-82 (5th Cir. 1985) ("As long as [the defendant] understood the length of time he might possibly receive, he was fully aware of his plea's consequences.")   This claim would, therefore, be without merit even were it not time-barred.

It is, therefore, the **RECOMMENDATION** of this Court that the "Motion for Summary Judgment" (Instrument no. 23) of Respondent, William Stephens, be **GRANTED** and the "Petition for Writ of Habeas Corpus" of Petitioner, David H. Barrera, be **DISMISSED as time-barred.**

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **Thursday, October 31, 2013**, to have written objections, filed pursuant to 28 U.S.C. §636(b)(1)(C), **physically on file** in the Office of the Clerk.  The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____30th_____ day of September, 2013.

John R. Froeschner
United States Magistrate Judge

4