IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

VICTORIA DIVISION

| | |
|---|---|
| DAVID H. BARRERA, # 1555640 | § |
| | § |
| V. | § CIVIL ACTION NO. V-13-023 |
| | § |
| WILLIAM STEPHENS, | § |
| Director, Texas Department of Criminal | § |
| Justice, Correctional Institutions Division | § |

## **OPINION AND ORDER**

Before the Court is the "Motion for Relief from Judgment" of habeas Petitioner, David H. Barrera. After preliminary review, the Court issues this Opinion and Order.

On March 25, 2013, Barrera filed this federal habeas action. On November 18, 2013, this Court granted Respondent's Motion for Summary Judgment, in part, and entered its Final Judgment dismissing Barrera's habeas petition as time-barred; the Court did not reach Respondent's alternative argument that Barrera's ineffective assistance of counsel claim was procedurally barred. Barrera filed a Notice of Appeal, but his appeal was dismissed on April 30, 2014, for want of prosecution, not on the merits. On November 21, 2014, Barrera filed the instant Motion based upon the United States Supreme Court's decision in Trevino v. Thaler, 569 U.S. __, 185 L.Ed 2d 1044 (2013), handed down on May 28, 2013, during the pendency of Barrera's federal petition. The Motion will be denied.

In Trevino v. Thaler, the Supreme Court held that because the procedural realities of Texas criminal law typically made it virtually impossible to raise an ineffective assistance

of trial counsel claim on direct appeal, the procedural bar doctrine would not preclude a federal court from hearing the claim in a habeas case. In this case, Barrera argues that he was never given a fair opportunity to raise his ineffective assistance of trial counsel claim in any of his three state petitions and that, under Trevino, he should be allowed to do so now. Unfortunately, for Barrera, this Court did not dismiss his habeas petition as procedurally barred, it dismissed it as time-barred because the applicable one-year limitations period expired long before Barrera even filed the first of his three state petitions. The Court expresses no opinion on whether Trevino would have permitted consideration of a timely federal petition because, even if it would have done so, the Court cannot excuse Barrera's dilatory filing.[1] In other words, Trevino cannot resurrect Barrera's time-barred ineffective assistance of counsel claim.

The Court pauses to note that equitable tolling of the limitations period has no application to Barrera's predicament; Texas law did not impede Barrera from filing a timely federal habeas petition, it just frustrated the likelihood of his opportunity to prevail. Consequently, Barrera cannot establish an entitlement to equitable tolling: he cannot show he pursued his rights diligently nor can he show that some extraordinary circumstances beyond his control stood in his way and prevented timely filing. Cf. Holland v. Florida, 560

---

[1] The fact that the Texas procedural impediment identified in Trevino is such an institutionalized state practice precludes any argument that Trevino announced a retroactive "new rule" under a Teague v. Lane, 489 U.S. 288 (1989), analysis. Butler v. McKellar, 494 U.S. 407, 414 (1990)

U.S. \_, 177 L.Ed 2d 130, 145 (2010)  Barrera has offered no justification for his delay of more than three years to seek any habeas relief at all all.  See Neverson v. Farguharson, 366 F.3d 32, 43 (1st Cir. 2004) (Three year delay in seeking collateral relief not based on "after discovered evidence" precluded equitable tolling.)  Equitable tolling is not available to rescue a litigant from his own lack of due diligence.  See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984)

For the foregoing reasons, it is **ORDERED** that the "Motion for Relief from Judgment" (Instrument no. 42) of Petitioner, David H. Barrera, is **DENIED**.

**DONE** at Galveston, Texas, this ___12___ day of December, 2014.

*Gregg Costa*
Gregg Costa
United States Circuit Judge
(Sitting by Designation)